**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-24989-BLOOM/Elfenbein

TERRY CONAWAY,

      Plaintiff,

v.

CARNIVAL CORPORATION
*d/b/a* CARNIVAL CRUISE LINE,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant")

Motion to Dismiss Plaintiff's Complaint, ECF No. [10] ("Motion"). Plaintiff Terry Conaway

("Plaintiff") filed a Response, ECF No. [19], to which Defendant filed a Reply, ECF No. [20]. The

Court has reviewed the Motion, the Response, the Reply, the record in this case, and is otherwise

fully advised. For the reasons set forth below, Defendant's Motion is granted.

### I.     BACKGROUND

Plaintiff alleges she was injured while a passenger aboard the Defendant's vessel, the

*Carnival Miracle*. ECF No. [1] ¶¶ 12, 14. On January 18, 2025, Plaintiff states that she and her

daughter-in-law went to the dining room on deck two for dinner. *Id.* ¶ 14. As Plaintiff was walking

to her table, a "careless" Carnival waiter walked backwards and collided with her. *Id.* ¶ 15. The

waiter was not looking where he was going when he backed into Plaintiff, knocking her down onto

her left side causing injuries. *Id.* ¶ 17. Plaintiff sustained injuries to her left leg and was unable to

stand. *Id.* ¶ 34.

Plaintiff was transported to the ship's medical facility by stretcher where she received medical care for her injuries. *Id.* ¶¶ 35-36. The ship's doctor and medical personnel gave Plaintiff pain medications and took an x-ray, showing a fracture of her left femur. *Id.* ¶¶ 38-39. Plaintiff was then transferred to her cabin where she received further evaluation and medical care including a catheter and pain medication. *Id.* ¶¶ 40-41. On January 20, 2025, Plaintiff was medically disembarked in Jamaica and flown via emergency medical flight to a hospital in Florida. *Id.* ¶¶ 42-43. Plaintiff underwent surgery to insert a metal rod to repair her broken femur. *Id.* ¶ 45. She suffered complications from that surgery including a blood clot and infection, requiring another surgery. *Id.* ¶ 46.

In her Complaint, Plaintiff asserts three Counts of Negligence:  Count I – vicarious liability for the acts and omissions of Defendant's crew members/employees; Count II – direct negligence of Defendant; and Count III – direct negligence of Defendant for failure to train. ECF No. [1]. Defendant filed a Motion to Dismiss Plaintiff's Complaint. ECF No. [10]. Defendant argues that Plaintiff's Complaint is an impermissible shotgun pleading because Plaintiff combines different theories of liability into each count. *Id.* at 1. Plaintiff responds that the Complaint alleges three theories of liability, and within each count, Plaintiff provides multiple breaches of the same duty. ECF No. [19] at 4. Plaintiff asserts the theories within each count are pled in the alternative and do not establish distinct claims. *Id.*

## II.     LEGAL STANDARD

### A.  Motion to Dismiss

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B.  Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). Such unclear pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (*quoting Cramer*

3

*v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). The negative externalities also extend beyond a single case. "[J]ustice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* Accordingly, shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (citations omitted).

The Eleventh Circuit has identified four types of shotgun pleadings, all of which "fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The first and most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. The last type of shotgun pleading commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

## III.   DISCUSSION

Defendant argues the Complaint is a shotgun pleading because it combines multiple theories of liability into each count, thus falling into the third type of shotgun pleading recognized by *Weiland*. ECF No. [10] at 1. Specifically, Defendant contends that Count I is a shotgun pleading

because Plaintiff includes at least three distinct theories of vicarious liability based on the actions of different crew members. *Id.* at 6. Count II is a shotgun pleading because it contains multiple theories of direct liability, including medical negligence, failure to maintain, failure to warn, and failure to train, that must be separately pled. *Id.* at 6-7. Lastly, Defendant argues that Count III is a shotgun pleading to the extent that it contends that Defendant failed to train different categories of crew members because the theory of liability for each category requires different evidence, discovery, and standards. *Id.* at 7-8.

Plaintiff responds that the Complaint is not a shotgun pleading because it alleges three theories of liability: vicarious liability for Defendant's crew members and employees, direct negligence, and direct negligence for failure to train its crew members and employees. ECF No. [19] at 3-4. Within each Count, Plaintiff provides multiple breaches of the same duty. *Id.* at 4. Plaintiff asserts that the theories within each count are pled in the alternative and do not establish distinct claims. *Id.* Plaintiff asserts Defendant has adequate notice of the claims and the grounds upon which they rest. *Id.* at 5. If the Court grants Defendant's Motion, Plaintiff requests leave to amend her Complaint. *Id.* at 6. In Reply, Defendant points out that Plaintiff agrees that her claims commingle different theories, ECF No. [20], and reiterates its argument that the Complaint is therefore a shotgun pleading. *Id.*

### A. Count I – Vicarious Liability

Defendant argues that Count I combines multiple theories of vicarious liability by alleging different crew members were negligent and asserting different theories to establish employees' negligence. ECF No. [10] at 6-7. Plaintiff responds that Count I alleges Defendant is vicariously liable and states the various ways Defendant's employees acted negligently, which does not

establish distinct claims but expands upon the grounds establishing the basis of liability. ECF No. [19] at 4.

Under the theory of vicarious liability, "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation marks omitted). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bah.), Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021). Theories of vicarious liability should be separated when the theories assert liability of different employees or different theories of vicarious liability for the same actor. *See Noon v. Carnival Corp.*, No. 18-23181-CIV, 2018 WL 6807377, at *4 (S.D. Fla. Oct. 10, 2018) (concluding a vicarious liability count was a shotgun pleading where plaintiff listed multiple ways different medical and non-medical crew members were negligent and did not identify the specific theories of vicarious liability alleged); *see also Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295-CIV, 2015 WL 8227674, at *6 n.10 (S.D. Fla. Dec. 7, 2015) (noting a count was a shotgun pleading because plaintiff asserted an actor was vicariously liable under two distinct theories of agency liability). Moreover, alleging negligence for a failure to warn or a failure to maintain are distinct claims that must be separately pled. *Lawing v. Carnival Corp.*, No. 24-cv-22101, 2024 WL 4723114, at *4 (S.D. Fla. Nov. 8, 2024).

Here, Plaintiff lists within Count I the actions of different crew members that she alleges breached a duty of reasonable care to Plaintiff. For example, Plaintiff alleges Defendant is vicariously liable for:

   b.    The careless waiter knocking Plaintiff down;

  c.  The waiter was moving backwards and not looking where going [sic] causing him to collide with Plaintiff;

  d.  Failing to adequately maintain the area of the subject incident in a reasonably safe condition;

  . . .

  g.  Failing to warn Plaintiff about the hazards in the area of the subject incident, including but not limited to the careless waiter moving backwards without looking where he was going;

  . . .

  m.  Failing to timely medical [sic] evacuate Plaintiff for medical treatment at a shoreside hospital; and/or

  n.  Failing to provide proper medical care for Plaintiff's injuries, including but not limited to failing to provide prompt, proper or adequate medical care[.]

ECF No. [1] ¶ 68.

Those allegations describe the actions of waitstaff, medical personnel, and, in the case of failing to adequately maintain and failing to warn, unidentified employees.[1] Plaintiff impermissibly combines allegations of multiple crew members into a single count rather than separating counts by crew member and theory of liability. *See Noon*, 2018 WL 6807377, at \*4. Plaintiff also improperly alleges distinct theories of crew members' negligence that must be pled separately, such as failure to maintain and failure to warn. *See Flaherty*, 2015 WL 8227674, at \*6 n.10; *Lawing*, 2024 WL 4723114, at \*4 ("[N]estled within her claims for vicarious liability and direct negligence, Plaintiff inserts a failure to warn. Plaintiff must allege each distinct cause of action separately. Further, nestling claims in this manner violates Rule 8, as it forces Defendant to speculate whether Plaintiff is alleging a claim for negligent failure to warn, negligence, or vicarious

---

[1] Allegations of negligence based on a failure to maintain or failure to warn are theories of direct liability. *See Britt v. Carnival Corp.*, 580 F. Supp. 3d 1211, 1216 (S.D. Fla. 2021). Defendant does not expressly argue that Count I commingles direct and vicarious liability claims, but the Court notes that Count I is unclear as to which actor failed to maintain or failed to warn. *See* ECF No. [1] ¶ 68(d), (g). Plaintiffs are permitted to proceed under a theory of direct or vicarious liability, but they are not permitted to proceed under both theories in the same count. *Gharfeh v. Carnival Corp.*, No. 17-20499-CIV, 2018 WL 501270, at \*6 (S.D. Fla. Jan. 22, 2018); *Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1374 (S.D. Fla. 2025) (finding that commingling claims of vicarious liability and direct negligence constitute an impermissible shotgun pleading).

liability."). Plaintiff's failure to separate those theories of vicarious liability does not allow Defendant to discern the factual allegations underlying each cause of action. *See Van Deventer v. NCL Corp. Ltd.*, No. 23-cv-23584, 2024 WL 836796, at *7 (S.D. Fla. Feb. 28, 2024) (noting that to correct a shotgun pleading, plaintiff "must carefully delineate his distinct causes of action, as well as the different factual allegations and theories of liability underlying each."). The Court accordingly finds that Count I constitutes an impermissible shotgun pleading requiring dismissal.

## B. Count II – Direct Negligence of Defendant

Defendant argues that Count II is a shotgun pleading because it adopts a "kitchen sink" approach to pleadings and contains various theories of direct liability that must be separately pled. ECF No. [10] at 6-7. Plaintiff generally responds that Count II separately pleads a theory of Defendant's direct liability and that it would be "cumbersome" to have a separate count for each allegation of negligence. ECF No. [19] at 4-5.

Although a plaintiff may allege a list of different breaches within the same general negligence claim, the plaintiff must also delineate the different theories of liability and factual allegations underlying each claim. *See Anders v. Carnival Corp.*, No. 23-21367-CIV, 2023 WL 4252426, at *4 (S.D. Fla. June 29, 2023); *Van Deventer*, 2024 WL 836796, at *7.

Here, Plaintiff's list of Defendant's alleged direct negligence includes multiple breaches of a duty to provide reasonable care. For example, Count II alleges Defendant is directly liable for:

> a.    Failing to have sufficient dining room staffing, equipment and assistance for the crew members, including the waiter that knocked Plaintiff down, to timely perform their assigned tasks;
>
> . . .
>
> c.    Failing to establish proper policies and/or protocols to ensure that the area of the incident was reasonably safe . . . ;
>
> d.    Failing to establish proper policies and/or protocols to ensure that the area was blocked from passenger's use when not reasonably safe;
>
> . . .

> g.     Failing to warn or adequately warn Plaintiff of the danger in the area of the subject incident;
>
> . . .
>
> i.     Failing to properly maintain the area in a safe and reasonable manner.
>
> . . .
>
> l.     Failing to provide proper medical care for Plaintiff's injuries, including but not limited to the ship's medical personnel's failure to provide prompt, proper or adequate medical care; and/or
>
> m.     Failing to timely medically evacuate Plaintiff to a shoreside medical facility[.]

ECF No. [1] ¶ 73.

Plaintiffs' list of failures includes allegations of medical negligence, failure to maintain, failure to establish adequate policy and procedures, and failure to warn, which are four distinct theories of negligence that must be asserted separately and cannot be commingled together. *See Johnson v. Carnival Corp.*, No. 19-cv-23167, 2020 WL 128179, at *3 (S.D. Fla. Jan. 10, 2020) ("Plaintiff's claims are not separately labeled, though the basis of her claims is negligence based upon at least three different theories—failure to maintain, failure to establish adequate policy and procedures, and failure to warn."); *Lawing*, WL 4723114, at *4 (dismissing plaintiff's general negligence claim as a shotgun pleading because it improperly combined claims of negligence for failure to train, failure to warn, failure to maintain the area is a safe manner, failure to promulgate policies and procedures, and failing to provide proper medical care). Accordingly, the Court finds that Count II constitutes an impermissible shotgun pleading requiring dismissal.

### C. Count III – Direct Negligence for Failure to Train

Defendant argues that Count III is also a shotgun pleading because allegations that Defendant failed to train waitstaff and medical personnel are separate theories of liability that require different evidence, discovery, and standards. ECF No. [10] at 7-8. Plaintiff reiterates her response that Defendant's breaches in Count III are pled in the alternative and do not establish distinct claims but expand upon the grounds establishing the basis of each. ECF No. [19] at 4.

Case No. 25-cv-24989-BLOOM/Elfenbein

A plaintiff must delineate the different factual allegations and theories of liability underlying each cause of action. *Van Deventer*, 2024 WL 836796, at *7; *see also Flaherty*, 2015 WL 8227674, at *3 n.3 (noting that allegations that defendant failed to warn plaintiff of two types of dangers should be separated into distinct claims). "To state a claim of negligent training, Plaintiff must allege Defendant 'was negligent in the implementation or operation of the training program and the negligence caused his injury.'" *Anders*, 2023 WL 4252426, at *4 (alterations accepted and internal citation omitted).

Here, establishing that Defendant failed to train waitstaff and medical personnel requires that Plaintiff show facts regarding the implementation and operation of these employees' training programs. Although Plaintiff does not allege facts regarding the employees' specific training programs, common sense concludes that the training programs for waitstaff and medical personnel differ. Thus, the Court agrees with Defendant that liability for failing to train different categories of crew members will require different evidence, discovery, and standards. Plaintiff's failure to separate allegations that Defendant was negligent in the implementation or operation of training programs for distinct categories of employees prevents Defendant from discerning the different factual allegations underlying each cause of action. *Van Deventer*, 2024 WL 836796, at *7; *see Flaherty*, 2015 WL 8227674, at *3 n.3. The Court accordingly finds that Count III constitutes an impermissible shotgun pleading requiring dismissal.

**D.  Leave to Amend**

In her Response, Plaintiff requests that, if the Court dismisses the Complaint, the Court grant her leave to amend to correct any defects identified in the Court's order. ECF No. [19] at 6.

When the time in which a complaint may be amended as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."

10

Fed. R. Civ. P. 15(a)(2). "A district court is not required to grant a plaintiff leave to amend [the] complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). A request for leave to amend contained in a response in opposition to a motion to dismiss is not properly before the court and "possesse[s] no legal effect." *Pop v. Lulifama.com, LLC*, 145 F.4th 1285, 1298 (11th Cir. 2025) (citing *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018)). The Eleventh Circuit has carved out a narrow exception to this rule for complaints dismissed on shotgun pleading grounds. *Id.* "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give [the litigant] one chance to replead before dismissing [the litigant's] case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro Inc., v. Shabents*, 878 F.3d 1291, 1296 (11th Cir. 2018).

Although Plaintiff's request for leave to amend in her Response is not properly before the Court, Plaintiff falls within the narrow exception. Because the Court dismisses the Complaint on shotgun pleading grounds, the Court grants Plaintiff one opportunity to amend so that she may cure the deficiencies identified above.

## IV.    CONCLUSION

1. Defendant's Motion, **ECF No. [10]**, is **GRANTED.**

2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff is granted leave to file an amended complaint consistent with this Order no later than **April 8, 2026.**

4. Failure to comply with this Order will result in dismissal of this case without further notice.

11

Case No. 25-cv-24989-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 27, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record