**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-24989-BLOOM/Elfenbein**

TERRY CONAWAY,

Plaintiff,

v.

CARNIVAL CORPORATION
*d/b/a* CARNIVAL CRUISE LINE,

Defendant.
______________________________/

**ORDER ON DEFENDANT'S MOTION TO**
**DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [27] ("Motion"). Plaintiff Terry Conaway filed a Response, ECF No. [28], to which Defendant filed a Reply, ECF No. [29]. The Court has reviewed the Motion, the Response, the Reply, the record in this case, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted.

## I. BACKGROUND

Plaintiff filed an Amended Complaint[1] alleging she was injured while a passenger aboard Defendant's vessel, the *Carnival Miracle*. ECF No. [26]. On January 18, 2025, Plaintiff states that she and her daughter-in-law went to the dining room on deck two for dinner. *Id.* ¶ 14. As Plaintiff was walking to her table, a "careless" Carnival waiter walked backwards and collided with her. *Id.* ¶ 15. Plaintiff tried to move out of the way, but the waiter was not looking where he was going

[1] Plaintiff filed her Complaint on October 29, 2025. ECF No. [1]. Defendant filed a Motion to Dismiss arguing the Complaint is an impermissible shotgun pleading. ECF No. [10]. The Court granted Defendant's Motion and granted Plaintiff leave to amend. ECF No. [25]. Plaintiff thereafter filed her Amended Complaint. ECF No. [26].

when he backed into Plaintiff, knocking her down onto her left side causing injuries. *Id.* ¶¶ 16-17. Plaintiff sustained injuries to her left leg and was unable to stand. *Id.* ¶ 34.

The incident was immediately reported to Defendant, and Defendant was able to identify the specific area and employee involved. *Id.* ¶¶ 18-19. Plaintiff was transported to the ship's medical facility by stretcher where she received medical care for her injuries. *Id.* ¶¶ 35-36. The ship's doctor and medical personnel gave Plaintiff pain medication and took an x-ray, showing a fracture of her left femur. *Id.* ¶¶ 38-39. Plaintiff was then transferred to her cabin where she received further evaluation and medical care, including a catheter and pain medication. *Id.* ¶¶ 40-41. On January 20, 2025, Plaintiff was medically disembarked in Jamaica and flown via emergency medical flight to a hospital in Florida. *Id.* ¶¶ 42-43. Plaintiff underwent surgery to insert a metal rod to repair her broken femur. *Id.* ¶ 45. She suffered complications from that surgery including a blood clot and infection, requiring another surgery. *Id.* ¶ 46. Plaintiff has severe, permanent injuries and her medical care and treatment are ongoing and continuing. *Id.* ¶¶ 54-55.

In her Amended Complaint, Plaintiff asserts seven counts of negligence: Count I – vicarious liability for the acts and omissions of Defendant's waitstaff crew member/employee; Count II – vicarious liability for the acts and omissions of Defendant's medical crew member/employee; Count III – direct negligence of Defendant for failure to maintain; Count IV – direct negligence of Defendant for policy and procedures; Count V – direct negligence of Defendant for failure to warn; and Count VI – direct negligence of Defendant for failure to train waitstaff crew member/employee; and Count VII – direct negligence of Defendant for failure to train medical crew member/employee. ECF No. [26]. Defendant filed a Motion to Dismiss Counts IV, VI, and VII of Plaintiff's Amended Complaint, arguing those Counts allege negligent mode of operation claims, which are not recognized under general maritime law. ECF No. [27]. Plaintiff

responds that Defendant waived this argument by not raising it in its first Motion to Dismiss and that Counts IV, VI, and VII are not negligent mode of operation claims. ECF No. [28] at 2. Defendant replies that waiver does not apply to motions under Rule 12(b)(6) and reiterates that the Counts are impermissible negligent mode of operation claims. ECF No. [29].

## II. LEGAL STANDARD

### A. Motion to Dismiss

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro*, 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

## III. <u>DISCUSSION</u>

### A. Waiver

As an initial matter, Plaintiff argues that Defendant waived its argument that Counts IV, VI, and VII be dismissed as negligent mode of operation claims because those allegations were contained in Plaintiff's Complaint and Defendant did not raise the argument in its first Motion to Dismiss. ECF No. [28] at 3. Defendant responds that Federal Rule of Civil Procedure 12's prohibition on successive Rule 12(b) motions applies only to defenses raised under Rule 12(b)(1)-(5),[2] not under Rule 12(b)(6). ECF No. [29] at 1. Defendant further argues that because Plaintiff's

---

[2] Rule 12(h)(1) states that a party waives any defenses raised under Rule 12(b)(2)-(5), not 12(b)(1) as lack of subject matter jurisdiction may be raised at any time. *See* Fed. R. Civ. P. 12(h).

Complaint was dismissed as a shotgun pleading, Defendant was not on notice of the claims brought against it in the Complaint. *Id.* at 2. The Complaint did not include Counts IV, VI, and VII, so Defendant did not waive any defenses under Rule 12(b)(6) because those Counts were brought for the first time in the Amended Complaint. *Id.* at 2.

Federal Rule of Civil Procedure 12(b) lists certain defenses to claims for relief and requires that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Rule 12(g) limits filing additional Rule 12 motions raising a defense or objection "that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(g) has certain exceptions, including raising a failure to state a claim defense under Rule 12(b)(6), which may be raised in a Rule 7(a) pleading, by a motion for judgment on the pleadings under Rule 12(c), or at trial. Fed. R. Civ. P. 12(g), (h)(2). A motion to dismiss filed before a responsive pleading does not fall under any of those exceptions. *See PrimeLending v. First Cmty. Mortg., Inc.*, Case No. 23-cv-4402, 2024 WL 3914846, at *3 (N.D. Ga. June 21, 2024) ("A pre-answer motion to dismiss under Rule 12(b)(6)—which is what Defendant seeks to file here—falls into none of these [Rule 12(h)(2)] categories.").

Dismissal on shotgun pleading grounds is a dismissal pursuant to Rule 8(a)(2) or Rule (10)(b), not Rule 12. *See Weiland v. Palm Beach Cnty Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Defendant's first Motion to Dismiss argued that Plaintiff's Complaint should be dismissed on shotgun pleading grounds. *See* ECF No. [10]. Defendant's instant Motion is its first motion filed under Rule 12. Where Defendant has not filed an Answer to the Amended Complaint, its Motion to Dismiss pursuant to Rule 12(b)(6) is made before any responsive pleading, in accordance with Rule 12(b). Therefore, Defendant has not filed successive Rule 12 motions. Moreover, because the hallmark of a shotgun pleading is that it fails to provide adequate notice of the claims and grounds upon which the claims rest, the Court finds that Defendant's argument that Counts IV, VI, and VII fail to state a claim was not available to Defendant in its first Motion to Dismiss because those Counts were not included in the Complaint. Therefore, Defendant has not waived its Rule 12(b)(6) arguments brought in the instant Motion.

**B. Count IV – Direct Negligence of Defendant for Policy and Procedures**

Defendant argues that Count IV must be dismissed with prejudice because it asserts a claim for negligent mode of operation, which is not recognized under general maritime law. ECF No. [27] at 3. Count IV alleges that Defendant did not establish, promulgate, or enforce proper policies or protocols regarding the operation of the dining room, and Eleventh Circuit precedent forecloses bringing such a claim. *Id.* at 3-5.

Plaintiff responds that negligent mode of operation claims are not recognized in federal admiralty law, but such a claim focuses on a defendant's general policies and procedures, not on the specific incident at issue. ECF No. [28] at 5. A mode of operation claim under Florida law does not require notice. *Id.* However, the Amended Complaint alleges Defendant had notice of the dangerous condition and the allegations relate to the specific circumstances of Plaintiff's injury, which constitute cognizable maritime negligence claims. *Id.* Regarding Count IV, Plaintiff alleges that Defendant failed to establish and/or enforce policies to ensure crew members do not bump into passengers, that they pay attention, that they ensure safe walkways for passengers, ensure

proper staffing so waiters are not rushed, and ensure passengers are warned of dangerous conditions, which is directly related to Plaintiff's specific injury. *Id.* at 6. Plaintiff argues that if Defendant had established and enforced such policies, the circumstances leading to the collision and the collision would not have occurred. *Id.* Count IV brings a claim that the absence or lack of enforcement of specific policies addressing known hazards caused Plaintiff's injury. *Id.* Thus, Count IV establishes all elements of negligence. *Id.*

Defendant replies that Plaintiff's claims are not incident-specific, as Plaintiff argues, but are instead generic claims devoid of facts. ECF No. [29] at 3. Defendant does not respond to Plaintiff's arguments regarding alleged notice. *Id.*

It is well-established that maritime law does not recognize claims alleging negligence under a mode of operation theory. *See Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 910 (11th Cir. 2017) (citing *Keefe*, 867 F.2d at 1322). "[T]he basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition." *Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015) (quoting *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260 (Fla. 2002)). This theory of liability "looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident." *Id.* (quotation marks omitted). According to the Eleventh Circuit, such a theory of negligence is "at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition." *Malley*, 713 F. App'x at 910 (citing *Keefe*, 867 F.2d at 1322).

Although policies and procedures may be relevant to establish negligence, alleging negligence based on general policies to prevent dangerous conditions is not recognized as a stand-alone claim. *Stewart-Patterson v. Celebrity Cruises, Inc.*, No. 12-cv-20902, 2012 WL 2979032, at

*3 (S.D. Fla. July 20, 2012) ("While evidence of Defendant's practices in preventing such conditions may be relevant to establishing Plaintiff's negligence claim, maritime law does not support a stand-alone claim based on Defendant's 'mode of operation' unconnected to Plaintiff's specific accident."). Courts in this District, including this Court, have concluded that allegations of negligence based on the failures of policies and procedures to address certain categories of harms constitute negligent mode of operation claims. *See e.g.*, *Allen v. Carnival Corp.*, Case No. 25-cv-25317, 2026 WL 1162405, at *2-3 (S.D. Fla. Apr. 29, 2026) (policies and procedures relating to navigating in and responding to rough seas); *Smith v. NCL (Bah.), Ltd.*, 815 F. Supp. 3d 1314, 1323 (S.D. Fla. 2025) (policies and procedures relating to the condition of entry/exit ramps); *Nowak v. Carnival Corp.*, No. 24-24316-civ, 2025 WL 57525, at *3-4 (S.D. Fla. Jan. 9, 2025) (policies and procedures relating to staircase inspection and maintenance); *Youngman v. Royal Caribbean Cruises, Ltd.*, No. 23-cv-21796, 2023 WL 5206036, at *2 (S.D. Fla. Aug. 14, 2023) (policies and procedures relating to mobility-impaired passengers); *Haddad v. Celebrity Cruises*, No. 25-cv-20330, 2025 WL 3145895, at *4 (S.D. Fla. Oct. 31, 2025) (same); *Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1297 (S.D. Fla. 2021) (policies and procedures relating to testing and maintaining door stoppers).

Here Count III alleges that Defendant breached its duties by "[f]ailing to establish proper policies and/or protocols to ensure that the area of the incident was reasonably safe;" "[f]ailing to establish proper policies and/or protocols to ensure that the area was blocked from passenger's use when not reasonably safe;" and "[f]ailing to promulgate and/or enforce adequate policies" regarding crew members bumping into passengers, knocking them down, and paying attention to where they are walking/moving, and policies and procedures to ensure safe walkways, proper staffing, sufficient assistance and equipment, crowd control, warning of dangerous conditions, and

monitoring the condition of the area. ECF No. [26] at 14-15. By its very language, Count IV alleges that Defendant failed to establish, promulgate, and/or enforce adequate policies and protocols regarding the operation of the dining room where Plaintiff was injured. This is soundly a negligent mode of operation claim.

To the extent Count IV alleges Defendant failed to maintain the dining room in a sufficiently safe condition, it is duplicative of Count III. To the extent Count IV alleges Defendant failed to warn passengers of any dangers in the dining room, it is duplicative of Count V. Plaintiff's assertions that Defendant had knowledge and notice of the hazard posed by collisions in a dining room and connecting that notice to Plaintiff's specific injury does not transform Count IV from a negligent mode of operation claim because the claim, standing alone, asserts that Defendant is liable because its policies and protocols were inadequate. Such policies and protocols for managing a dining room may be relevant to Plaintiff's other allegations of Defendant's liability, but alleging the failure to establish, promulgate, and/or enforce policies and protocols as a stand-alone claim is foreclosed by Eleventh Circuit precedent. *See Quashen*, 576 F. Supp. 3d at 1297; *Stewart-Patterson*, 2012 WL 2979032, at *3. Therefore, Count IV is dismissed with prejudice for failing to state a claim recognized under maritime law.

**C. Count VI – Direct Negligence of Defendant for Failure to Train Waitstaff Crew Member/Employee**

Defendant argues that Count V must be dismissed with prejudice as a negligent mode of operation claim because it refashions the same allegations in Count IV regarding the alleged failure to implement adequate policies and procedures into alleged failure to provide adequate training. ECF No. [27] at 5. Count VI is not a failure to train claim, which is recognized in maritime law, but instead seeks to hold Defendant liable for failing to implement policies and procedures as to the training of its crew members working in the dining room. *Id.* at 6. Plaintiff has not identified

that a specific training program exists or that the training instructs staff how to move about the dining rooms, which is required to state a failure to train claim. *Id.*

Plaintiff responds that Count VI alleges that Defendant's training program was deficient because it did not address the specific safety practices directly related to Plaintiff's injury. ECF No. [28] at 7-8. Plaintiff has established that training programs exist because the Amended Complaint alleges that Defendant has in place policies and procedures regarding crew member attention, walkways, staffing levels, crowd control, and waiter job duties, which implies corresponding training programs. *Id.* At the pleading stage, Plaintiff is not required to plead evidentiary detail about the specific content of training programs. *Id.* at 8. Therefore, Plaintiff has stated a claim for negligent training, which is a distinct theory of liability from Plaintiff's other claims. *Id.*

Negligent training is a "recognized dut[y] under federal maritime law." *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1310 (S.D. Fla. 2021). "Negligent training occurs when an employer was negligent in the implementation or operation of [a] training program and this negligence caused a plaintiff's injury." *Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1304 (S.D. Fla. 2021); *see Gutman v. Quest Diagnostics Clinical Laboratories, Inc.*, 707 F. Supp. 2d 1327, 1332 (S.D. Fla. 2010). Therefore, for a plaintiff "to state a claim for negligent training, he must show that [the defendant] was negligent in the implementation or operation of [a] training program." *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11h Cir. 2005). It is not enough for the plaintiff to merely challenge the content of the program or to "identify that certain training programs exist and [ ] allege in a conclusory manner that [the d]efendant was negligent in operating such training programs." *Mercado*, 407 F.3d at 1162; *Walsh v. Carnival Corp.*, Case No. 20-cv-21454, 2020 WL 10936272, at *5 (S.D. Fla. July 7, 2020).

The plaintiff must provide factual allegations that establish "how [the d]efendant was negligent in implementing or operating its training programs." *Walsh*, 2020 WL 10936272, at *5; *Lirette v. Carnival Corp.*, No. 24-24035-CIV, 2025 WL 385572, at *2 (S.D. Fla. Feb. 4, 2025); *see also Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1269 (S.D. Fla. 2015) (concluding that to state a negligent training claim, a plaintiff "must identify a training program or policy and explain specifically how the [defendant] was negligent in implementing it"). The plaintiff need not identify every detail of the training program, but the complaint must allege some detail regarding the actual training of the employees, not merely reference policies and procedures. *See, e.g.*, *Spotts v. Carnival Corp.*, 711 F. Supp. 3d 1360, 1368-69 (S.D. Fla. Jan. 10, 2024) (allegations that defendant "trains its crew members to inspect and maintain the deck areas in a clean and dry condition" is sufficient to sustain a claim); *Pimentel v. Carnival Corp.*, Case No. 25-cv-22706, 2025 WL 3012851, at *9 (S.D. Fla. Oct. 28, 2025) (identifying an "Own Your Spill" program, two-minute trainers, Carnival College Program, and the HESS MS procedures was sufficient to sustain a claim); *Lorello v. Carnival Corp.*, Case No. 25-cv-23914, 2025 WL 3088953, at *6 (S.D. Fla. Nov. 5, 2025) (conclusory allegations that defendant failed to train its crew "to take certain precautionary steps to prevent slip and fall incidents" is not sufficient to state a claim).

Here, Plaintiff has failed to adequately allege a negligent training claim. In her Response, Plaintiff argues that she has identified a training program. By alleging that Defendant has in place policies and procedures regarding specific crew member actions in the dining room, the Amended Complaint "necessarily impl[ies] corresponding training programs to implement them." ECF No. [28] at 8. Such implication from general policies is not sufficient to sustain a failure to train claim because it does not identify that a specific training program exists or how that training program was deficient or improperly implemented. *See Mayer v. Carnival Corp.*, 731 F. Supp 3d 1316,

1321 (S.D. Fla. 2024) (dismissing a claim for negligent training because "Mayer never actually alleges that Carnival *has* a training program for its bartenders that goes beyond the company's general policies and operations."); *Lirette*, 2025 WL 385572, at *3 ("[W]ithout at least identifying a specific training program, a negligent-training claim is dead on arrival."); *Quashen*, 576 F. Supp. 3d at 1296 ("[I]t is well settled that general maritime law does not recognize a claim of negligence that is premised upon a company's general policies and operations.").

Count VI alleges that Defendant failed to train its crew members to take certain precautions to avoid collisions in the dining room. However, it does not allege the existence of any such training program. Therefore, Count VI is dismissed for failing to state a claim.

**D. Count VII – Direct Negligence of Defendant for Failure to Train Medical Crew Member/Employee**

Defendant argues that Count VII must be dismissed with prejudice because Count VII alleges Defendant is liable for failing to implement adequate policies and procedures for the training of its medical staff and doctors. ECF No. [27] at 7. Count VII is duplicative of Count II that alleges a general claim for the negligent practice of medicine. *Id.* at 8. Plaintiff does not allege that Defendant has a specific training program for medical staff or that any such training specifically instructed the medical staff on how to generally practice medicine. *Id.* Therefore, it is an impermissible negligent mode of operation claim. *Id.*

Plaintiff responds that Count VII alleges Defendant failed to train medical personnel to properly diagnose, treat, and evacuate injured passengers. ECF No. [28] at 8. Plaintiff argues the ship's medical personnel had knowledge of a femur fracture but did not evacuate her until two days later, which caused post-injury complications. *Id.* If the medical staff had been properly trained to recognize the severity of the injury, there would not have been the delay in evacuation, and Plaintiff would not have developed complications. *Id.* Plaintiff argues this claim is distinct

from Count II, which raises a vicarious liability claim for the medical personnel's negligence. *Id.* at 9. Defendant's liability for failing to train the medical personnel is a separate theory of liability and is not duplicative. *Id.*

For the same reasons as Count VI, Count VII has failed to adequately allege a negligent training claim. Count VII alleges that Defendant failed to train and instruct medical personnel to properly diagnose, treat, or timely evacuate injured passengers. However, Plaintiff does not allege that a training program exists for its medical personnel. Additionally, Plaintiff has not alleged how any such training program was deficient such that the medical personnel were not trained to recognize the severity of Plaintiff's injury. Where Plaintiff has not identified a training program, Count VII does not allege a negligent training claim. *See Lirette*, 2025 WL 385572, at *3 ("[W]ithout at least identifying a specific training program, a negligent-training claim is dead on arrival."). Therefore, Count VII is dismissed for failing to state a claim.

**E. Leave to Amend**

In her Response, Plaintiff requests that Counts IV, VI, and VII be dismissed without prejudice and Plaintiff be granted leave to amend her Amended Complaint. ECF No. [28] at 10. Plaintiff argues that because the prior amendment was based only on shotgun pleading issues, she has not had the chance to amend based on the arguments raised in Defendant's second Motion to Dismiss. *Id.* Plaintiff argues she should be granted the opportunity to conduct discovery regarding Defendant's training programs, obtain relevant documents and testimony, and then file a Second Amended Complaint. *Id.* at 9-10.

Defendant responds that dismissal with prejudice is warranted because Plaintiff has already had a chance to amend. ECF No. [29] at 3. Defendant argues that Plaintiff cannot rely on discovery to support her claims because the Eleventh Circuit has held that a motion to dismiss based on failure to state a claim for relief should be resolved before discovery begins. *Id.* at 4.

Dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits. *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). "An adjudication on the merits is, in turn, presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (finding that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'")).

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court is not required to grant a plaintiff leave to amend his complaint s*ua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).[3] An exception exists when a complaint is dismissed on shotgun pleading grounds. *See Vibe Micro Inc., v. Shabents*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give [the litigant] one chance to replead before dismissing [the litigant's] case with prejudice on non-merits shotgun pleading grounds.").

The Eleventh Circuit has held that a request for leave to amend contained in a response in opposition to a motion to dismiss is not properly before the court and "possesse[s] no legal effect."

[3] Plaintiff cites *Bank v.* Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) to support her request for leave to amend. *See* ECF No. [28] at 9. However, *Wagner* expressly overruled the rule espoused in *Bank. See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("We, however, have determined that the *Bank* rule should no longer be followed. As a result, we overrule *Bank* and substitute the following rule: A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

*See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). The court is "free to dismiss [plaintiff's] complaint with prejudice" on that basis alone without determining whether further amendment is futile, unless dismissal is based on shotgun pleading grounds. *See Pop v. LuliFama.com, LLC*, 145 F.4th 1284, 1297-98 (11th Cir. 2025); *Ounjian v Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023) ("A district court may dismiss a complaint with prejudice where the plaintiff fails to request leave to amend, or where the complaint could not be more carefully drafted to state a valid claim.").

Here, Plaintiff did not file a motion to amend her Amended Complaint.[4] Plaintiff's request for leave to amend contained within her Response to the instant Motion is not properly before the Court. Moreover, any amendment would be futile based on the Court's ruling. As such, there is no basis to permit amendment and Count IV, VI, and VII are dismissed with prejudice for failing to state a claim upon which relief can be granted.

## IV. CONCLUSION

1. Defendant's Motion, **ECF No. [27]**, is **GRANTED**.
2. Counts IV, VI, and VII of Plaintiff's Amended Complaint are **DISMISSED WITH PREJUDICE**.
3. Defendant shall file its Answer to the remaining counts in the Second Amended Complaint by **September 3, 2026**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 20, 2026.



**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

[4] The deadline to file a motion to amend pleadings was February 17, 2026. *See* ECF No. [16].

Copies to: Counsel of Record